**6**

SID M. ROSENBERG, ESQ., SBN 129158
LAW OFFICES OF ROSENBERG & LINK
AN ASSOCIATION OF
PROFESSIONAL LAW CORPORATIONS
725 30TH STREET, SUITE 107
SACRAMENTO, CA 95816
Telephone: (916) 447-8101
Facsimile: (916) 447-4750

ATTORNEY FOR THE MOVING PARTY,
STEVEN LEON SCHULE

## IN THE UNITED STATES BANKRUPTCY COURT

## IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>MATTHEW DANIEL MULLER,<br><br>Debtor,<br>_____<br>STEVEN LEON SCHULE,<br><br>Movant,<br><br>v.<br><br>MATTHEW DANIEL MULLER, and Chapter 7 Trustee, JOHN BELL,<br><br>Respondents. | Case No. 14-24322-C-7<br><br>D.C. No. SMR-1<br><br>**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>**(11 U.S.C. § 362 and Bankruptcy Rule 4001)**<br><br>LBR 4001-1 and 9014-1(f)(1)<br><br>Date: June 24, 2014<br>Time: 9:30 a.m.<br>Department: C<br>Courtroom: 35<br>Honorable Christopher M. Klein<br>501 I Street, 6th Floor<br>Sacramento, California 95814 |

**TO THE RESPONDENTS NAMED ABOVE AND THEIR ATTORNEY OF RECORD:**

      STEVEN LEON SCHULE ("Movant"), moves this court for an order terminating the automatic stay of 11 U.S.C. § 362 (a) as to Movant, so that Movant may commence and continue all acts necessary to recover possession of that certain real property located at 1724 East Socap Walk, Sacramento, California 95811, in accordance with applicable California law.

On April 28, 2014, the debtor herein, Matthew Daniel Muller, filed a Chapter 7 Voluntary Petition with the United States Bankruptcy Court for the Eastern District of California, and John Bell, was appointed as the Chapter 7 Trustee in Bankruptcy. As a result of said filing certain acts and proceedings against Debtor and the bankruptcy estate are stayed as provided in 11 U.S.C. § 362.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I

### RELIEF FROM STAY FOR CAUSE

### FAILURE TO PAY RENT

The above-referenced moving party hereby moves the court for an order for relief from the automatic stay. The property which is the subject of this request is located at 1724 East Socap Walk, Sacramento, California 95811.

In support of this Motion for Relief From Automatic Stay, it is alleged as follows:

1. The Bankruptcy Court has jurisdiction over the subject matter of this motion pursuant to 28 United States Code §§ 157, 1334 and 11 United States Code Section 362.

2. On April 28, 2014, the debtor herein, Matthew Daniel Muller, filed a Chapter 7 Voluntary Petition with the United States Bankruptcy Court for the Eastern District of California

3. The trustee in this matter is John Bell, Chapter 7 Trustee in Bankruptcy.

4. Movant is the owner of the subject residential property.

5. The debtor herein, Matthew Daniel Muller, occupies the subject premises as a tenant pursuant to a written lease agreement.

6. On or about April 24, 2013, the debtor entered into a California Residential Lease Agreement with Movant which provided for a 12 month tenancy. The rental agreement was to commence on May 11, 2013, and continue until May 10, 2014. A true and correct copy of the California Residential Lease Agreement is attached to the Exhibits filed concurrently herewith as Exhibit "A".

7. At the inception the tenancy the agreed upon rent was the sum of $2,495.00 per

month.

8. While occupying the premises, commencing in March, 2014, the debtor defaulted in his obligation to pay rent. The debtor has failed to bring rent current at any time since then.

9. Pursuant to provisions of 11 U.S.C. §362(a), the filing of the debtor's Chapter 7 Voluntary Petition has operated as an automatic stay against moving party's right to proceed against the debtor. As of this date, the debtor continue in possession of the subject residential property.

10. Pre-petition rental payments are due as follows:

```
March, 2014....................................................$2,495.00
April 1-28, 2014.............................................$2,328.76

TOTAL.........................................................$4,823.76
```

11. Additionally, as of the date of the hearing of the instant motion, further post-petition rental payments will have come due for two days for the month of April at the daily rate of $83.17, and the entire months of May and June, 2014, in the additional amount of $5,156.34. Accordingly, as of the date of the hearing of the instant motion, the total sum of unpaid rent which will be past due and owing by debtor to movant will be the sum of $9,980.10.

12. On March 7, 2014, Movant caused a Three Day Notice to Pay Rent or Quit and a Three Day Notice to Perform Covenant(s) or Quit for failure to pay security deposit, to be served upon the debtor.

13. On March 10, 2014, the period stated in the Three Calendar Day Notice to Pay Rent or Quit and the Three Day Notice to Perform Covenant(s) or Quit expired at the end of the day, yet the Debtor remains in possession of the subject property.

14. Accordingly, on March 18, 2014, Movant commenced an action for unlawful detainer in the Sacramento County Superior Court entitled *Schule v. Muller, et al.,* Sacramento County Superior Court Case No. 14UD02067. A true and correct copy of the Complaint for Unlawful Detainer, together with the Exhibits thereto,

In Re Matthew Daniel Muller; Case No. 14-24322
Motion for Relief From the Automatic Stay         3

is attached to the Exhibits filed concurrently herewith as Exhibit "B".

15. Movant's Complaint for Unlawful Detainer remains pending in the Sacramento County Superior Court and Movant hereby seeks relief from the automatic stay so as to authorize Movant to proceed with the prosecution of the action for unlawful detainer such that Movant may seek entry of a Judgment to recover possession of the subject premises.

16. This motion is filed on the basis of a lack of adequate protection and for cause. The debtor has no equity or interest in the residential property. The debtor has made no written offer to vacate the subject premises. The debtor has made no offer to cure the past due defaults and has provided no assurance of future performance. Continuation of the automatic stay under 11 U.S.C. §362(a) will work a real and irreparable harm to the owner herein.

17. The moving party must have the stay lifted so that it may proceed with an action for Unlawful Detainer to see that its rights are protected.

A. **MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

Section 362(d)(1) provides, in pertinent part:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-

(1) *For cause*, including the lack of adequate protection of an interest in property of such party in interest....    11 U.S.C. § 362(d)(1) (emphasis added).

Cause includes a debtor's lack of equity in a property and inadequate protection of a creditor's interest in the property. *In re Ellis*, 60 B.R. 432 (9th Cir.BAP 1985).

Under these circumstances good cause exists to terminate the automatic stay. Based upon the foregoing, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

Alternatively, no stay exists as pertains to the debtor's claim of right to occupy the premises. In such instance, Movant requests that an Order for relief from the automatic stay be issued.

In Re Matthew Daniel Muller; Case No. 14-24322
Motion for Relief From the Automatic Stay         4

**B. MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(2).**

Section 362(d)(2) provides, in pertinent part:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-

    (2) with respect to a stay of an act against property under subsection (a) of this section, if

        (A) the debtor do not have an equity in such property; and

        (B) such property is not necessary to an effective reorganization…

11 U.S.C. § 362(d)(2).

For purposes of Section 362(d)(2), "equity" is defined as the difference between the value of the property and *all encumbrances upon it*. *Stewart v. Gurley*, 745 F.2d 1194 (9th Cir. 1984) (emphasis added). Section 362(d)(2) reflects Congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, *even where the debtor can provide adequate protection under Section 362(d)(1)*. *In re San Clemente Estates*, 5 B.R. 605, 610 (Bankr.S.D.Cal. 1980) (emphasis added).

As there is no equity in the subject premises for the benefit of the bankruptcy estate, the Property is not necessary for an effective reorganization. Therefore, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

**WHEREFORE**, the moving party prays as follows:

1. For an order modifying/vacating the automatic stay concerning unlawful detainer proceedings as against the residential property located at 1724 East Socap Walk, Sacramento, California 95811, permitting moving party and/or its agent to proceed with the prosecution of a state court action for Unlawful Detainer.

2. For an Order that the 14 day period specified by F.R.B.P., Rule 4001 (a) (3) is waived.

In Re Matthew Daniel Muller; Case No. 14-24322
Motion for Relief From the Automatic Stay     5

LAW OFFICES OF ROSENBERG & LINK
AN ASSOCIATION OF PROFESSIONAL LAW CORPORATIONS
725 30TH STREET, SUITE 107
SACRAMENTO, CA 95816
(916) 447-8101

3. That any Order issued in this proceeding is binding and effective despite the conversion of this case to a case under any other chapter of Title 11 of the United States Code; and

4. Granting Movant such other and further relief as the court deems just and proper.

DATED: May 19, 2014

**LAW OFFICES OF ROSENBERG & LINK**
An Association of Professional Law Corporations

*/s/ Sid M. Rosenberg*

Sid M. Rosenberg
Attorney for Movant
Steven Leon Schule

LAW OFFICES OF ROSENBERG & LINK
AN ASSOCIATION OF PROFESSIONAL LAW CORPORATIONS
725 30TH STREET, SUITE 107
SACRAMENTO, CA 95816
(916) 447-8101

In Re Matthew Daniel Muller; Case No. 14-24322
Motion for Relief From the Automatic Stay    6