24

SID M. ROSENBERG, ESQ., SBN 129158
LAW OFFICES OF ROSENBERG & LINK
AN ASSOCIATION OF
PROFESSIONAL LAW CORPORATIONS
725 30TH STREET, SUITE 107
SACRAMENTO, CA 95816
Telephone:    (916) 447-8101
Facsimile:    (916) 447-4750

ATTORNEY FOR THE MOVING PARTY,
STEVEN LEON SCHULE

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 14-24322-C-7 |
| | D.C. No. SMR-1 |
| MATTHEW DANIEL MULLER, | EXHIBITS IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY |
| Debtor, | |
| | (11 U.S.C. § 362 and Bankruptcy Rule 4001) |
| STEVEN LEON SCHULE, | LBR 4001-1 and 9014-1(f)(1) |
| Movant, | Date:       June 24, 2014 |
| v. | Time:       9:30 a.m. |
| MATTHEW DANIEL MULLER, and Chapter 7 Trustee, JOHN BELL, | Department: C Courtroom: 35 |
| Respondents. | Honorable Christopher M. Klein 501 I Street, 6th Floor Sacramento, California 95814 |

**EXHIBITS**

**EXHIBITS IN SUPPORT OF MOTION FOR RELIEF FROM THE**

AUTOMATIC STAY:

**(MOVANT: STEVEN LEON SCHULE)**

(PROPERTY LOCATED AT 1724 EAST SOCAP WALK, SACRAMENTO,

CALIFORNIA 95811)

LAW OFFICES OF ROSENBERG & LINK
AN ASSOCIATION OF PROFESSIONAL LAW CORPORATIONS
725 30TH STREET, SUITE 107
SACRAMENTO, CA 95816
(916) 447-8101

# EXHIBIT A

14UD02067

## California Residential Lease Agreement

THIS LEASE AGREEMENT made and entered into this _____ day of
_____, 20 13 by and between
_____Steven Leon Schula_____ (hereinafter
referred to as "Landlord")
_____Matthew Muller_____ (hereinafter
referred to as "Tenant").

TERM. This Agreement shall commence on _May 11, 2013_____

A. _Year long lease 5/11/13 - 5/10/14_

Such notice to terminate must be provided to Landlord at least 30 days prior to the desired date of termination of the tenancy. If at any time Landlord desires to terminate the tenancy, Landlord may do so by providing to Tenant such written notice of intention to terminate at least 30 days prior to the desired date of termination of the tenancy. Notices to terminate may be given on any calendar day, irrespective of Commencement Date.

____B. Lease. This Agreement shall continue as a lease for term. The termination date shall be on (date) _May 10, 2014_ at 11:59 PM. Upon termination date, Tenant shall be required to vacate the Premises unless one of the following circumstances occur: (i) Landlord and Tenant formally extend this Agreement in writing or create and execute a new, written, and signed agreement;

RENT. Under the terms of this Agreement, "Rent" shall consist of all monetary obligations owed to Landlord by Tenant in accordance with this Agreement. However, the Damage Deposit shall not be considered Rent. Tenant shall pay to Landlord _____ DOLLARS ($249.00) per month as Rent for the Term of the Agreement. Due date for Rent payment shall be the 1st day of each calendar month and shall be considered advance payment for that month. If not remitted on the 1st, Rent shall be considered overdue and delinquent on the 5th day of each calendar month.

Payment shall be made to Landlord under the following name and address:

_Steven Schula_

In the event that any payment by Tenant is returned for insufficient funds ("NSF") or if Tenant stops payment, Landlord may require in writing that Tenant pay Rent in cash for three months, and that all future Rent payments shall be remitted by Tenant to Landlord by money order or cashier's check. A late charge of $25.00 will be charged on all late payments.

DAMAGE DEPOSIT. Upon the execution of this Agreement, Tenant shall deposit with Landlord the sum of _Four Thousand Nine Hundred Ninety_ DOLLARS ($4990) receipt of which is hereby acknowledged by Landlord, as security for any damage caused to the Premises during the term hereof. Such deposit shall be returned to Tenant, without interest, and less any set off for damages to the Premises upon the termination of this Agreement.

USE OF PREMISES. The Premises shall be used and occupied by Tenant and Tenant's immediate family, consisting of _Matthew Muller_____ exclusively, as a private single family dwelling, and no part of the Premises shall be used at any time during the term of this Agreement by Tenant for the purpose of carrying on any business, profession, or trade of any kind, or for any purpose other than as a private single family dwelling. Tenant shall not allow

EXHIBIT 1

**Page 3 of 24**

**14UD02067**

any other person, other than Tenant's immediate family or transient relatives and friends who are guests of Tenant, to use or occupy the Premises without first obtaining Landlord's written consent to such use.

**CONDITION OF PREMISES.** Tenant has examined the Premises, and that they are at the time of this Lease in good order, repair, and in a safe, clean and tenantable condition.

**ASSIGNMENT AND SUB-LETTING.** Tenant shall not assign this Agreement, or sub-let or grant any license to use the Premises or any part thereof without the prior written consent of Landlord.

**ALTERATIONS AND IMPROVEMENTS.** Tenant shall make no alterations to the buildings or improvements on the Premises or construct any building or make any other improvements on the Premises without the prior written consent of Landlord.

**HAZARDOUS MATERIALS.** Tenant shall not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

**UTILITIES.** Tenant shall be responsible for arranging for and paying for all utility services required on the Premises. *SMUD, City of Sacramento, Cable*

**MAINTENANCE AND REPAIR; RULES.** Tenant will, at its sole expense, keep and maintain the Premises and appurtenances in good and sanitary condition and repair during the term of this Agreement and any renewal thereof. Without limiting the generality of the foregoing, Tenant shall:

(a) Not obstruct the driveways, sidewalks, courts, entry ways, stairs and/or halls;
(b) Keep all windows, glass, window coverings, doors, locks and hardware in good, clean order and repair;
(c) Not hang any laundry, clothing, sheets, etc. from any window, rail, porch or balcony nor air or dry any of same within any yard area or space;
(d) Keep all lavatories, sinks, toilets, and all other water and plumbing apparatus in good order and repair and shall use same only for the purposes for which they were constructed. Any damage to any such apparatus and the cost of clearing stopped plumbing resulting from misuse shall be borne by Tenant;
(e) Tenant's family and guests shall at all times maintain order in the Premises and at all places on the Premises, and shall not make or permit any loud or improper noises, or otherwise disturb other residents;
(f) Keep all radios, television sets, stereos, phonographs, etc., turned down to a level of sound that does not annoy or interfere with other residents;
(h) Deposit all trash, garbage, rubbish or refuse in the locations provided and shall not allow any trash, garbage, rubbish or refuse to be deposited or permitted to stand on the exterior of any building or within the common elements;

**INSPECTION OF PREMISES.** Landlord and Landlord's agents shall have the right at all reasonable times during the term of this Agreement and any renewal thereof to enter the Premises for the purpose of inspecting the Premises and all buildings and improvements thereon. And for the purposes of making any repairs, additions or alterations as may be deemed appropriate by Landlord for the preservation of the Premises or the building. Landlord and its agents shall further have the right to exhibit the Premises and to display the usual "for sale", "for rent" or "vacancy" signs on the Premises at any time within forty-five (45) days before the expiration of this Lease.

**SURRENDER OF PREMISES.** Upon the expiration of the term hereof, Tenant shall surrender the Premises in as good a state and condition as they were at the commencement of this Agreement, reasonable use and wear and tear thereof and damages by the elements excepted.

**PETS.** Unless otherwise provided in California Civil Code § 54.2, Tenant shall keep no animal or pet on or about the Premises without Landlord's prior written consent, with the exception of: *Dog*

**Page 4 of 24**

14UD02067

**INDEMNIFICATION.** Landlord shall not be liable for any damage or injury of or to the Tenant, Tenant's family, guests, invitees, agents or employees or to any person entering the Premises or the building of which the Premises are a part or to goods or equipment, or in the structure or equipment of the structure of which the Premises are a part, and Tenant hereby agrees to indemnify, defend and hold Landlord harmless from any and all claims or assertions of every kind and nature.

**DEFAULT.** If Tenant fails to comply with any of the material provisions of this Agreement, other than the covenant to pay rent, or of any present rules and regulations or any that may be hereafter prescribed by Landlord, or materially fails to comply with any duties imposed on Tenant by statute, within three (3) days after delivery of written notice by Landlord specifying the non-compliance and indicating the intention of Landlord to terminate the Lease by reason thereof, Landlord may terminate this Agreement. If Tenant fails to pay rent when due and the default continues for three (3) days thereafter, Landlord may, at Landlord's option, declare the entire balance of rent payable hereunder to be immediately due and payable and may exercise any and all rights and remedies available to Landlord at law or in equity or may immediately terminate this Agreement.

**LATE CHARGE.** In the event that any payment required to be paid by Tenant hereunder is not made within five (5) days of when due, Tenant shall pay to Landlord, in addition to such payment or other charges due hereunder, a "late fee" in the amount of _____ N/A _____ DOLLARS ($_____).

**ATTORNEYS' FEES.** Should it become necessary for Landlord to employ an attorney to enforce any of the conditions or covenants hereof, including the collection of rentals or gaining possession of the Premises, Tenant agrees to pay all expenses so incurred, including a reasonable attorneys' fee.

LANDLORD

Sign: _____       Print: _____ Steven Schule _____
Date: 4/24/13

TENANT

Sign: _____       Print: _____ Matthew Muller _____
Date: 4/24/13

TENANT:

Sign: _____       Print: _____
Date: _____

TENANT:

Sign: _____       Print: _____
Date: _____

TENANT:

Sign: _____       Print: _____
Date: _____

**Page 5 of 24**

# EXHIBIT B

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*:<br>LAW OFFICES OF GARY L. LINK, Attorney At Law<br>A Professional Law Corporation<br>725 30th Street, Suite 107<br>Sacramento, California 95816<br>ATTORNEY FOR *(Name)*: PLAINTIFF | TELEPHONE NO.:  (916)<br>447-8101<br>C.S.B.#088968<br>Fax 916 447-4750 |

| |
|---|
| NAME OF COURT:  SUPERIOR COURT OF CALIFORNIA COUNTY OF SACRAMENTO<br>STREET ADDRESS:  301 Bicentennial Circle<br>MAILING ADDRESS:  301 Bicentennial Circle<br>CITY AND ZIP CODE:  Sacramento, California 95826<br>BRANCH NAME:  CAROL MILLER JUSTICE CENTER |

ELECTRONICALLY
FILED
ENDORSED
Superior Court of California
County of Sacramento
Unlawful Detainer Division
Endorsed by: JordanT
On: 03/18/2014 01:40 PM
Case Number: 14UD02067

PLAINTIFF:  STEVEN LEON SCHULE

DEFENDANT:  MATTHEW MULLER

[X] DOES 1 TO _10_

| | CASE NUMBER: |
|---|---|
| **COMPLAINT - Unlawful Detainer***<br>[X] COMPLAINT    [ ] AMENDED COMPLAINT *(Number)*: | **14UD02067** |

**Jurisdiction** (check all that apply):

[X] ACTION IS A LIMITED CIVIL CASE
   Amount Demanded  [X] does not exceed $10,000
               [ ] exceeds $10,000, but does not exceed $25,000
[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint (check all that apply)
   [ ] from unlawful detainer to general unlimited civil (possession not in issue)   [ ] from limited to unlimited
   [ ] from unlawful detainer to general limited civil (possession not in issue)   [ ] from unlimited to limited

1. PLAINTIFF *(names)*: STEVEN LEON SCHULE

   alleges causes of action against DEFENDANTS *(names)*:
   MATTHEW MULLER

2. a. Plaintiff is  (1) [ ] an individual(s) over the age of 18 years  (4) [ ] a partnership
               (2) [ ] a public agency                      (5) [ ] a corporation
               (3) [X] other *(specify)*:  LANDLORD

   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of
      *(specify)*:

3. Defendants named above are in possession of the premises located at *(street address, apt. No., city, and county)*:
   1724 EAST SOCAP WALK, SACRAMENTO CA  95811        SACRAMENTO COUNTY

4. Plaintiff's interest in the premises is  [ ] as owner  [X] other *(specify)*:  LANDLORD

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

6. a. On or about *(date)*:   04/24/2013     defendants *(names)*:  MATTHEW MULLER

    (1) agreed to rent the premises for a  [ ] month-to-month tenancy  [X] other tenancy *(specify)*:  ONE YEAR LEASE
    (2) agreed to pay rent of $  2,495.00  payable  [X] monthly  [ ] other *(specify frequency)*:
    (3) agreed to pay rent on the  [X] first of the month  [ ] other day *(specify)*:

   b. This  [X] written  [ ] oral agreement was made with
    (1) [X] plaintiff                    (3) [ ] plaintiff's predecessor in interest
    (2) [ ] plaintiff's agent          (4) [ ] other *(specify)*:

                                                    Page 1 of 3

NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. July 1, 2005]

**COMPLAINT— Unlawful Detainer**

Civil Code, § 1940 et seq.
Code of Civil Procedure §§ 425.12, 1166
www.courtinfo.ca.gov

PLAINTIFF *(Name)*: STEVEN LEON SCHULE
V.
DEFENDANT *(Name)*: MATTHEW MULLER

CAS_ _MBER:

**14UD02067**

6. c. The defendants not named in item 6a are
   (1) [X] subtenants
   (2) [x] assignees
   (3) [X] other *(specifiy)*: alleged on information & belief to be unknown, yet residing at the premises without Plaintiff's permission or consent.

  d. The agreement was later changed as follows *(specify)*:

  e. A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked See Code Civ. Proc., 1166.)*

  f. *(For residential property)* A copy of the written agreement is not attached because *(specify reason:)*
   (1) [ ] the written agreement is not in the posssession of the landlord or the landlord's employees or agents.
   (2) [ ] this action is solely for nonpayment of rent (Code Civ. Proc., 1161(2)).

7. a. Defendants *(names)*: MATTHEW MULLER

  were served the following notice on the same date and in the same manner:
   (1) [X] 3-day notice to pay rent or quit      (4) [X] 3-day notice to perform covenants or quit
   (2) [ ] 30-day notice to quit            (5) [ ] 3-day notice to quit
   (3) [ ] 60-day notice to quit            (6) [ ] Other *(specify)*:

  b. (1) On *(date)*: 03/10/2014 , the period stated in the notice(s) expired at the end of the day.
    (2) Defendants failed to comply with the requirements of the notice(s) by that date.
  c. All facts(s)stated in the notice(s) are true.
  d. [XX] The notice(s) included an election of forfeiture.
  e. [XX] A copy of the notice(s) is attached and labeled Exhibit 2. *(Required for residential property, See Code Civ. Proc.,)*

*AND EXHIBIT 4*

  f. [ ] One or more defendants were served (1) with a different notice, or (2) on a different date, or (3) in a different manner, as stated in attachment 8c. *(Check item 8c and attach a statement providing the information required by items 7a-e and 8 for each defendant.)*

8. a. [xx] The notice(s) in item 7a was served on the defendants named in item 7a as follows:
   (1) [ ] by personally handing a copy to defendant on *(date)*:
   (2) [ ] by leaving a copy with *(name or description)*:
      of suitable age and discretion, on *(date)*:     at defendant's  [ ] residence   [ ] a person business
      AND mailing a copy to defendant at defendant's place of residence on (date):
      because defendant cannot be found at defendant's residence or usual place of business.
   (3) [X] by posting a copy on the premises on *(date)*: 03/07/14  and giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on *(date)*: 03/07/14
     (a) [ ] because defendant's residence and usual place of business cannot be ascertained OR
     (b) [x] because no person of suitable age or discretion can be found there.
   (4) [ ] *(not for 3-day notice; see Civil Code section 1946 before using)* by sending a copy by certified or registered mail addressed to defendant on *(date)*:
   (5) [ ] *(not for residential tenancies: see Civil Code section 1953 before using)* in the manner specified in a written commercial lease between the parties.

  b. [ ] *(Name)*:     was served on behalf of all defendants who signed a joint written rental agreement.
  c. [ ] Information about service of notice on the defendants named in item 7f is stated in attachment 8c.
  d [XX] Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

9. [ ] Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.
10. [XX] At the time the 3-day notice to pay rent or quit was served, the amount of rent due was $ See attached notice(s)
11. [XX] The fair rental value of the premises is $ 83.17    per day.

982.1(90) (Rev. July 1, 2005)

| PLAINTIFF (Name): STEVEN LEON SCHULZ | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): MATTHEW MULLER | 14UD02067 |

12. ☐ Defendants' continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in attachment 12.)*

13. ☒ A written agreement between the parties provides for attorney fees.

14. ☐ Defendants' tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):* (NOT APPLICABLE IN YOLO, SACRAMENTO, PLACER, OR EL DORADO COUNTIES)

      Plaintiff has met all applicable requirements of the ordinances.

15. ☒ Other allegations are stated in attachment 14, attachment 15 and attachment 16.

16. Plaintiff accepts the jurisdictional limit, if any, of the court.

17. **PLAINTIFF REQUESTS**
a. possession of the premises.
b. costs incurred in this proceeding.
c. ☒ past due rent of $ 4,976.70
d. ☒ reasonable attorney fees.
e. ☒ forfeiture of the agreement.

f. ☒ damages at the rate stated in item 11 from *(date):* 03/10/2014 for each day defendants remain in possession through entry of judgment.
g. ☐ statutory damages up to $600 for the conduct alleged in item 12.
h. ☒ other *(specify):* for such other & further relief as the court deems just and proper.

18.     Number of pages attached *(specify):* 10

### UNLAWFUL DETAINER ASSISTANT (Bus. and Prof. Code sections 6400-6415)

19. *This item must be answered in all cases* An unlawful detainer assistant ☒ did not ☐ did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state):*
a. Assistant's name:
b. Street address, city, and ZIP:

c. Telephone No.:
d. County of registration:
e. Registration No.:
f. Expires on *(date):*

DATED: 3-13-14

GARY LINK
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

### VERIFICATION
*(Use a different verification form if the verification is by an attorney or for a corporation or partnership)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

(TYPE OR PRINT NAME)

SEE ATTACHED VERIFICATION

(SIGNATURE OF PLAINTIFF)



4UD02067

# VERIFICATION UNDER PENALTY OF PERJURY-UNLAWFUL DETAINER
### (Each client must sign in appropriate location)

**IF YOU ARE A PROPERTY MANAGER OR AUTHORIZED AGENT FOR THE OWNER OF THE PROPERTY:
SIGN THIS TOP VERIFICATION**

I, the undersigned, declare under penalty of perjury as follows:

1. I am the property manager or authorized agent for the owner or landlord/lessor of the real property described in the Complaint for Unlawful Detainer and owned or leased by the Plaintiff/Owner/Landlord/Lessor of the Premises.
2. If the Plaintiff is described in the Complaint as a corporation, I declare that I am an officer of the Plaintiff corporation, a corporation organized under the laws of the State of California, and I have been authorized to execute this verification on its behalf.
3. I am duly and expressly authorized to verify said Complaint on the Plaintiff's behalf. Said complaint for Unlawful Detainer is attached hereto. I am verifying said complaint for Unlawful Detainer on behalf of the owner or the landlord/lessor because the facts stated therein are known by myself and may not be known to the owner or landlord/lessor.
4. I have read said complaint for Unlawful Detainer and know the contents thereof.
5. I certify that the same is true of my own knowledge except as to those matters, which are stated therein upon my information and belief, and as to those matters, I believe them to be true.
6. I declare under penalty of perjury under the laws of the State of California that I am an adult and at least 18 years of age, and that the foregoing is true and correct and that if called as a witness, I could do so competently. This declaration under penalty of perjury was executed in _____, California, on the below stated date.

DATED

_____          _____
Print your name                                         Sign your name: Property Manager/Authorized Agent

---

**IF YOU ARE THE OWNER OR LANDLORD/LESSOR OF THE PROPERTY WHERE YOUR TENANT RESIDES:
SIGN THIS BOTTOM VERIFICATION**

I, the undersigned, declare under penalty of perjury as follows:

1. I am the plaintiff in the above-entitled action, and owner or landlord/lessor of the real property described in the complaint for Unlawful Detainer, which is attached hereto.

2. I have read said complaint for Unlawful Detainer and know the contents thereof.

3. I certify that the same is true of my knowledge except as to those matters, which are stated therein upon my information and belief and as to those matters, I believe them to be true.

4. I declare under penalty of perjury under the laws of the State of California that I am an adult and at least 18 years of age, and that the foregoing is true and correct and that if called as a witness, I could do so competently. This declaration under penalty of perjury was executed in _____, California, on the below stated date.

DATED_____3-13-14_____

_Steve Schule_____          _____
Print your name                                         Sign your name: Plaintiff/Owner/Landlord/Lessor

14UD02067

## California Residential Lease Agreement

THIS LEASE AGREEMENT made and entered into this _____ day of
_____, 20 13, by and between
_____ Steven Leon Schule _____ (hereinafter
referred to as "Landlord"
_____ Matthew Mueller _____ (hereinafter
referred to as "Tenant").

TERM. This Agreement shall commence on _May 11, 2013_

A.
Tr _____ _Year long lease 5/11/13 - 5/10/14_

Such notice to terminate must be provided to Landlord at least 30 days prior to the desired date of termination of the tenancy. If at any time Landlord desires to terminate the tenancy, Landlord may do so by providing to Tenant such written notice of intention to terminate at least 30 days prior to the desired date of termination of the tenancy. Notices to terminate may be given on any calendar day, irrespective of Commencement Date.

B. Lease: This Agreement shall continue as a lease for term. The termination date shall be on (date) _May 10, 2014_ at 11:59 PM. Upon termination date, Tenant shall be required to vacate the Premises unless one of the following circumstances occur: (i) Landlord and Tenant formally extend this Agreement in writing or create and execute a new, written, and signed agreement;

RENT. Under the terms of this Agreement, "Rent" shall consist of all monetary obligations owed to Landlord by Tenant in accordance with this Agreement. However, the Damage Deposit shall not be considered Rent. Tenant shall pay to Landlord _____ DOLLARS ($2490.00) per month as Rent for the Term of the Agreement. Due date for Rent payment shall be the 1st day of each calendar month and shall be considered advance payment for that month. If not remitted on the 1st, Rent shall be considered overdue and delinquent on the 5th day of each calendar month.

Payment shall be made to Landlord under the following name and address:
_Steven Schule_

In the event that any payment by Tenant is returned for insufficient funds ("NSF") or if Tenant stops payment, Landlord may require in writing that Tenant pay Rent in cash for three months, and that all future Rent payments shall be remitted by Tenant to Landlord by money order or cashier's check. A late charge of $25.00 will be charged on all late payments.

DAMAGE DEPOSIT. Upon the execution of this Agreement, Tenant shall deposit with Landlord the sum of _Four Thousand Nine Hundred Ninety_ DOLLARS ($4990) receipt of which is hereby acknowledged by Landlord, as security for any damage caused to the Premises during the term hereof. Such deposit shall be returned to Tenant, without interest, and less any set off for damages to the Premises upon the termination of this Agreement.

USE OF PREMISES. The Premises shall be used and occupied by Tenant and Tenant's immediate family, consisting of _Matthew Mueller_
exclusively, as a private single family dwelling, and no part of the Premises shall be used at any time during the term of this Agreement by Tenant for the purpose of carrying on any business, profession, or trade of any kind, or for any purpose other than as a private single family dwelling. Tenant shall not allow

EXHIBIT 1

**Page 11 of 24**

14UD02067

any other person, other than Tenant's immediate family or transient relatives and friends who are guests of Tenant, to use or occupy the Premises without first obtaining Landlord's written consent to such use.

5  CONDITION OF PREMISES.  Tenant has examined the Premises, and that they are at the time of this Lease in good order, repair, and in a safe, clean and tenantable condition.

6  ASSIGNMENT AND SUB-LETTING.  Tenant shall not assign this Agreement, or sub-let or grant any license to use the Premises or any part thereof without the prior written consent of Landlord.

7  ALTERATIONS AND IMPROVEMENTS.  Tenant shall make no alterations to the buildings or improvements on the Premises or construct any building or make any other improvements on the Premises without the prior written consent of Landlord.

8  HAZARDOUS MATERIALS.  Tenant shall not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

9  UTILITIES.  Tenant shall be responsible for arranging for and paying for all utility services required on the Premises.  _SMUD, City of Sacramento, Cable_

10  MAINTENANCE AND REPAIR; RULES.  Tenant will, at its sole expense, keep and maintain the Premises and appurtenances in good and sanitary condition and repair during the term of this Agreement and any renewal thereof.  Without limiting the generality of the foregoing, Tenant shall:

(a) Not obstruct the driveways, sidewalks, courts, entry ways, stairs and/or halls;
(b) Keep all windows, glass, window coverings, doors, locks and hardware in good, clean order and repair;
(c) Not hang any laundry, clothing, sheets, etc. from any window, rail, porch or balcony nor air or dry any of same within any yard area or space;
(d) Keep all lavatories, sinks, toilets, and all other water and plumbing apparatus in good order and repair and shall use same only for the purposes for which they were constructed. Any damage to any such apparatus and the cost of clearing stopped plumbing resulting from misuse shall be borne by Tenant;
(e) Tenant's family and guests shall at all times maintain order in the Premises and at all places on the Premises, and shall not make or permit any loud or improper noises, or otherwise disturb other residents;
(f) Keep all radios, television sets, stereos, phonographs, etc., turned down to a level of sound that does not annoy or interfere with other residents;
(h) Deposit all trash, garbage, rubbish or refuse in the locations provided and shall not allow any trash, garbage, rubbish or refuse to be deposited or permitted to stand on the exterior of any building or within the common elements;

11  INSPECTION OF PREMISES.  Landlord and Landlord's agents shall have the right at all reasonable times during the term of this Agreement and any renewal thereof to enter the Premises for the purpose of inspecting the Premises and all buildings and improvements thereon.  And for the purposes of making any repairs, additions or alterations as may be deemed appropriate by Landlord for the preservation of the Premises or the building.  Landlord and its agents shall further have the right to exhibit the Premises and to display the usual "for sale", "for rent" or "vacancy" signs on the Premises at any time within forty-five (45) days before the expiration of this Lease.

12  SURRENDER OF PREMISES.  Upon the expiration of the term hereof, Tenant shall surrender the Premises in as good a state and condition as they were at the commencement of this Agreement, reasonable use and wear and tear thereof and damages by the elements excepted.

13  PETS.  Unless otherwise provided in California Civil Code § 54.2, Tenant shall keep no animal or pet on or about the Premises without Landlord's prior written consent, with the exception of:
_Dog_

14UD02067

**INDEMNIFICATION.** Landlord shall not be liable for any damage or injury of or to the Tenant, Tenant's family, guests, invitees, agents or employees or to any person entering the Premises or the building of which the Premises are a part or to goods or equipment, or in the structure or equipment of the structure of which the Premises are a part, and Tenant hereby agrees to indemnify, defend and hold Landlord harmless from any and all claims or assertions of every kind and nature.

**DEFAULT.** If Tenant fails to comply with any of the material provisions of this Agreement, other than the covenant to pay rent, or of any present rules and regulations or any that may be hereafter prescribed by Landlord, or materially fails to comply with any duties imposed on Tenant by statute, within three (3) days after delivery of written notice by Landlord specifying the non-compliance and indicating the intention of Landlord to terminate the Lease by reason thereof, Landlord may terminate this Agreement. If Tenant fails to pay rent when due and the default continues for three (3) days thereafter, Landlord may, at Landlord's option, declare the entire balance of rent payable hereunder to be immediately due and payable and may exercise any and all rights and remedies available to Landlord at law or in equity or may immediately terminate this Agreement.

**LATE CHARGE.** In the event that any payment required to be paid by Tenant hereunder is not made within five (5) days of when due, Tenant shall pay to Landlord, in addition to such payment or other charges due hereunder, a "late fee" in the amount of _____N/A_____ DOLLARS ($_____).

**ATTORNEYS' FEES.** Should it become necessary for Landlord to employ an attorney to enforce any of the conditions or covenants hereof, including the collection of rentals or gaining possession of the Premises, Tenant agrees to pay all expenses so incurred, including a reasonable attorneys' fee.

LANDLORD

Sign: _____   Print: _____Steven Schule_____
Date: __4/24/13__

TENANT

Sign: _____   Print: _____Matthew Muller_____
Date: __4/24/13__

TENANT:

Sign: _____   Print: _____
Date: _____

TENANT:

Sign: _____   Print: _____
Date: _____

TENANT:

Sign: _____   Print: _____
Date: _____

**Page 13 of  24**

**14UD02067**

## 3 CALENDAR DAY NOTICE TO PAY RENT OR QUIT POSSESSION OF PREMISES
THIS 3 DAY NOTICE TO PAY RENT OR QUIT SUPERCEDES ALL PREVIOUSLY SERVED NOTICES TO PAY RENT OR QUIT, IF ANY.

### As required by law, you are hereby notified that a negative credit report reflecting on your credit history may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

This Three Day Notice to Pay Rent or Quit is being served concurrently with a Three Day Notice to Pay Perform Covenant or Quit. Even if you perform the covenant(s) specified therein, said full performance will not neg cancel, discharge, withdraw, revoke or rescind the Three Day Notice to Pay Rent or Quit. Even if you pay the rent specified within the Three day period, said payment will not negate, cancel, discharge, withdraw, revoke or rescind Three Day Notice to Perform Covenant or Quit. Each notice has its own responsibilities for your performance or payment, and its own separate and independent consequences for non-payment and/or non-performance. The landl reserves the right to file an action for Unlawful Detainer for violation of any provision of any notice that you have violated or failed to perform within the designated period.

### To Tenant(s): MATTHEW MULLER
AND ALL OTHER OCCUPANTS, TENANTS, AND SUBTENANTS IN POSSESSION OF THE TENANCY PREMISES – The mere placement of a name on this Notice does not create a landlord-tenant relationship with a person or entity who is not otherwise an authorized tenant. This notice does not grant, give, or allow any rights to a person or entity named above who is not an authorized tenant.

### TENANCY ADDRESS: 1724 East Socap Walk, Sacramento, CA  95811

### AMOUNT OF RENT DUE & UNPAID:  $6,640.08 (thru the end of March, 2014)
ONLY FULL PAYMENT OF RENT AS SPECIFIED ABOVE, AND ONLY IN THE FORM SPECIFIED BELOW, WILL PAYMENT BE ACCEPTED; A PARTIAL PAYMENT WILL NOT BE ACCEPTABLE, NOR W PAYMENT IN A FORM OTHER THAN AS SPECIFIED BELOW BE ACCEPTED. UNLESS REQUIRED BY THE EXPRESS LANGUAGE OF A WRITTEN RENTAL AGREEMENT WITH THE TENANT(S), T LANDLORD AND/OR MANAGER, IF ANY, IS NOT REQUIRED TO ACCEPT TENDER OF PAYMENT FROM ANYONE OTHER THAN THE TENANT(s) NAMED ABOVE. ACCEPTANCE OF A PAYMENT FR SOMEONE OTHER THAN THE AUTHORIZED TENANT DOES NOT CREATE A LANDLORD-TENANT RELATIONSHIP WITH THAT OTHER PERSON, NOR DOES ACCEPTANCE FROM SAID PERSON WAI ANY PROVISION OF A VERBAL OR WRITTEN RENTAL AGREEMENT THAT PROHIBITS, LIMITS, OR DISALLOWS ASSIGNMENT OR SUBLETTING OF THE TENANCY PREMISES, NOR DO ACCEPTANCE OF A PAYMENT FROM SAID PERSON GRANT, GIVE OR PROVIDE PERMISSION OR CONSENT FOR SAID PERSON TO OCCUPY, LIVE IN, RESIDE IN, OR CLAIM RIGHTS POSSESSION TO THE ABOVE-STATED TENANCY PREMISES. ANY PAYMENT TENDERED WILL BE CONSIDERED TO BE SOLELY AND EXCLUSIVELY FOR AN BEHALF OF AUTHORIZ TENANT(S), AND FOR NO OTHERS.

[This Three Day Notice to Pay Rent or Quit does not intend to release, waive, discharge or otherwise eliminate claims of the Landlord for any and assessments, losses, damages, penalties, fines, fees, charges, utilities, or amounts for which the tenant is responsible. Tenant remains responsib for all such items; the Landlord is not waiving any claims whatsoever. Notwithstanding the foregoing, to comply with the demand of this Three D Notice to Pay Rent or Quit, the Tenant must pay the amount identified above as the "AMOUNT OF RENT DUE & UNPAID". The Landlord is not waivi or releasing the tenant from other violations of the rental agreement or local, state or federal law, even if the full amount demanded herein is pa within the three day period as specified herein.]

Demand is hereby made upon you for FULL payment of the rent stated above for the above-described premises.  You are herel required to pay said rent in the form and manner specified below to the Owner, Landlord, Property Manager, or the Undersigned the address specified below within three calendar days after service of this notice upon you; or if not so paid, to surrender ar deliver possession of the above-described real property to the Owner, Landlord, or Authorized Agent within said three calend days.

Your failure to comply with the foregoing will result in legal proceedings being instituted against you to recover possession said premises for UNLAWFUL DETAINER. Also, such proceedings could result in a judgment against you for unpaid rent, costs suit, necessary disbursements, damages, attorneys fees as well as STATUTORY DAMAGES for such UNLAWFUL DETENTION, ai to declare a forfeiture of the Lease or Rental Agreement under which you occupy the above-described tenancy premises. Tl Landlord elects to and does declare a forfeiture of the Lease or Rental Agreement if the stated rent is not actually received with three (3) calendar days of service of this notice. If the "3rd day" falls on a weekend or court holiday, then you will have until the er of the next business day within which to deliver the "amount due".

NAME OF PERSON/ENTITY to whom to pay the amount demanded: Steven Leon Schule     Phone #: (916) 502-4945

PAY AS FOLLOWS: MAIL OR PERSONAL DELIVERY TO THIS ADDRESS: 1417 Garden Highway, Sacramento, CA  95833

Usual Days and Hours to personally deliver the unpaid amount demanded:  1417 Garden Highway, Sacramento, CA  95833
Days and Hours: Monday through Sunday  7:30 p.m. - 11:00 p.m.
(Please call in advance of arrival to insure that someone is available to receive your payment)
(916) 502-4945
1 Quality Drive, Vacaville, CA  95688  (707) 624-3325
Days and Hours: Monday through Friday  8:30 a.m. – 5:30 p.m.

TO COMPLY WITH THE DEMAND OF THIS NOTICE PAYMENT MUST BE MADE IN THE FOLLOWING form(s):
Cash (Do not send cash in the mail or put into a mail slot)     Personal Check (A 3rd party check will not be accepted)     Money Order     Certified Funds

State law permits former tenants to reclaim abandoned personal property left at the former address of the tenant, subject certain conditions. You may or may not be able to reclaim property without incurring additional costs, depending on the cost storing the property and the length of time before it is reclaimed. In general, these costs will be lower the sooner you conta your former landlord after being notified that property belonging to you was left behind after you moved out.

DATED: 3/6/2014

Steven Leon Schule, Landlord

ADDITIONAL NOTICE TO OCCUPANTS: Even if you vacate within the three day period, said vacation does not waive or eliminate your responsibility for the payment of the amor specified herein, nor waive or eliminate your responsibility for full performance of any or all other promises, covenants, charges, sums, or amounts for which you are responsible pursuant to your rental agreement, if any, or pursuant to occupancy of the premises stated herein. Neither does vacation of the premises within the three day period, waive or dischar your responsibility for cleaning and/or repairs and damages to the premises for which you may be responsible. The issuance of this notice does not waive any of the landlord/owne rights as allowed by California Civil Code Section 1951.2.
Payment within the three day period of the amount demanded does not waive the right of the landlord to serve you with a separate and different subsequent notice for o or more existing or future violations of the rental agreement, if any; payment does not waive violations of the rental agreement or California law.

EXHIBIT 2

14UD02067

## ГАCHMÈNT TO NOTICE(S) TO Gᴜᴛ

Neither this attachment nor the attached documents are intended as legal advice for the intended recipient.

### RESERVATION OF RIGHTS

Your landlord, owner or authorized agent of the premises that you occupy reserves the right to serve upon you any and all additional notices for future or current alleged violations of either your verbal or written rental agreement or California or Federal law; and thereafter pursuant to California Code of Civil Procedure Section 1173 amend the Complaint for Unlawful Detainer, if any, at trial, if any, to include the service and expiration of any additional notice(s) to quit as the basis for the eviction. CCP Section 1173 states:

*Amendment of Complaint As of Right Without Postponement. "When, upon the trial of any proceeding under this chapter, it appears from the evidence that the defendant has been guilty of either a forcible entry or a forcible or unlawful detainer, and other than the offense charged in the complaint, the judge must order that such complaint be forthwith amended to conform to such proofs; such amendment must be made without any imposition of terms. No continuance shall be permitted upon account of such amendment unless the defendant, by affidavit filed, shows to the satisfaction of the court good cause therefore."*

Service of any supplemental, different, or additional notices will not negate, cancel, discharge, revoke, rescind, withdraw or invalidate the notice(s) with which you are presently being served, unless the specific language contained on any future notice(s) expressly makes such statement. If you have been served herewith with more than one notice to quit, the landlord, owner or authorized agent reserves the right to use any and all notice(s) that have been served upon you that have been or will be violated as the reasons upon which to have you evicted from the premises, or to obtain all other legally appropriate remedies. Further, if a lawsuit is filed against you, the landlord reserves the right to amend the Complaint for Unlawful Detainer at the trial, if any, to amend the complaint to include any and all notice(s) to quit that have been violated.

### "VACATION" OF THE PREMISES DEFINED

If you vacate the premises within the time period specified on the attached *Notice(s) to Quit*, you are hereby notified that "vacation" will not be established unless and until you have actually *physically delivered* the keys to the premises to either the landlord, the owner, the owner's authorized agent, or to the landlord or owner's property manager (it is not sufficient to merely mail the keys or to leave the keys on a countertop), AND you have removed *all* of your personal belongings as well as trash and debris from the premises such that the owner or authorized agent, or property manager for the owner, may begin to recondition the premises for re-rental.

### CLEANING AND REPAIRS OF THE PREMISES

If you vacate the premises within the time period specified, it is recommended that you leave the premises in a clean and orderly condition free from debris, trash, garbage and all personal belongings. This will be to your advantage because if you clean the premises and there are no repairs or damages, to the premises above and beyond normal wear and tear, then that will allow as much of your security deposit, if any, to be applied to any rent that you may still owe. Unless specifically and expressly authorized by a written rental agreement, you are not allowed to remove any appliances, fixtures, carpeting, drapes, blinds, doors, windows, shades, or any other aspect of the premises. You are also herewith notified that Penal Code Section 594 states that "EVERY PERSON WHO MALICIOUSLY INJURES OR DESTROYS ANY REAL OR PERSONAL PROPERTY NOT HIS OWN...IS GUILTY OF A MISDEMEANOR."

### REMINDERS

If you vacate the premises, please (1) remember to contact all the utility and cable companies to notify them to terminate your electric, gas, telephone and cable services, (2) if you have been provided with garage door, laundry room, mail, or gate keys, etc. please remember to hand deliver these to the landlord, the owner, the owner's authorized agent, or property manager, (3) contact the landlord, the owner, the owner's authorized agent or property manager to engage in the process of conducting a mutual final "walk-thru" of the premises, (4) have any and all trash, debris, and perishable articles placed in the appropriate trash receptacle(s) or left in an appropriate location outside in plastic bags.

### NOTICE OF POTENTIAL NEGATIVE CREDIT REPORT

As required by law, you are hereby notified that a negative credit report reflecting on your credit history may be submitted to a credit reporting agency if you fail to comply with the terms of the attached Notice to Quit.

### NON-WAIVER OF NOTICE(S)

Other than upon full performance of the demands of the notice(s) with which you have been served, under no circumstances, will any of the attached notice(s) be waived, canceled, discharged, revoked, rescinded, invalidated, or withdrawn without a signed, written document expressly and specifically stating that any one or more notice is either waived, canceled, discharged, revoked, rescinded or withdrawn. No verbal promise, statement, representation or conduct by landlord, owner, or the authorized agent of either, will be considered as a waiver, cancellation, discharge, revocation, rescission, invalidation, or withdrawal of any notice(s) to quit with which you have been served herewith.

### SEPARATE AND INDEPENDENT NOTICES

If you are being served herewith with more than one type of "notice to quit," although these notices are being served upon you concurrently, each is separate and independent. Each notice has its own responsibilities for your performance or payment, and its own separate and independent consequences for non-payment and/or non-performance. The landlord reserves the right to file an action for Unlawful Detainer for violation of any provision of any notice that you have violated or failed to perform within the designated or specified time period.

### RECLAIMING ABANDONED PERSONAL PROPERTY

State law permits former tenants to reclaim abandoned personal property left at the former address of the tenant, subject to certain conditions. You may or may not be able to reclaim property without incurring additional costs, depending on the cost of storing the property and the length of time before it is reclaimed. In general, these costs will be lower the sooner you contact your former landlord after being notified that property belonging to you was left behind after you moved out.

DATED: 3/6/2014

_____
Steven Leon Schule, Landlord

EXHIBIT 2



14UD02067

## 3 DAY NOTICE TO PERFORM COVENANT(S) OR QUIT

[This three day notice to perform covenant or quit replaces any previously served three day notice(s) to perform covenant or quit]
This Three Day Notice to Perform Covenant or Quit is being served concurrently with a Three Day Notice to Pay Rent or Quit. Even if you perform the covenant(s) specified herein, said full performance will not negate, cancel, discharge, withdraw, revoke or rescind the Three Day Notice to Pay Rent or Quit. Even if you pay the rent specified within the three day period, said payment will not negate, cancel, discharge, withdraw, revoke or rescind the Three Day Notice to Perform Covenant or Quit. Each notice has its own responsibilities for your performance or payment, and its own separate and independent consequences for non-payment and/or non-performance. The landlord reserves the right to file an action for Unlawful Detainer for violation of any provision of any notice that you have violated or failed to perform within the designated period.

### TO: MATTHEW MULLER
AND ALL OTHER OCCUPANTS, TENANTS, AND SUBTENANTS IN POSSESSION OF THE TENANCY PREMISES – The mere placement of a name on this Notice does not create a landlord-tenant relationship with a person or entity who is not otherwise an authorized tenant. This notice does not grant, give, or allow any rights to a person or entity named above who is not an authorized tenant.

### PROPERTY ADDRESS: 1724 East Socap Walk, Sacramento, CA 95811
IN THE EVENT THAT A MONETARY PAYMENT IS REQUIRED HEREIN AS ONE OR MORE OF THE COVENANTS THAT MUST BE PERFORMED BY THE TENANT WITHIN THE TIME PERIOD OF THIS NOTICE TO PERFORM COVENANT(s) OR QUIT, ONLY FULL PAYMENT AS SPECIFIED HEREIN OR ON A DOCUMENT ATTACHED HERETO OR REFERENCED HEREIN ON AN ATTACHMENT HERETO, AND ONLY IN THE FORM SPECIFIED HEREIN OR ON SAID DOCUMENT OR ATTACHMENT, WILL PAYMENT BE ACCEPTED; A PARTIAL PAYMENT WILL NOT BE ACCEPTABLE, NOR WILL PAYMENT IN A FORM OTHER THAN AS SPECIFIED BE ACCEPTED. UNLESS REQUIRED BY THE EXPRESS LANGUAGE OF A WRITTEN RENTAL AGREEMENT WITH THE TENANT(S), THE LANDLORD AND/OR MANAGER, IF ANY, IS NOT REQUIRED TO ACCEPT TENDER OF PAYMENT FROM ANYONE OTHER THAN THE TENANT(s) NAMED ABOVE. ACCEPTANCE OF A PAYMENT FROM SOMEONE OTHER THAN THE AUTHORIZED TENANT DOES NOT CREATE A LANDLORD-TENANT RELATIONSHIP WITH THAT OTHER PERSON, NOR DOES ACCEPTANCE FROM SAID PERSON WAIVE ANY PROVISION OF A VERBAL OR WRITTEN RENTAL AGREEMENT THAT PROHIBITS, LIMITS, OR DISALLOWS ASSIGNMENT OR SUBLETTING OF THE TENANCY PREMISES, NOR DOES ACCEPTANCE OF A PAYMENT FROM SAID PERSON GRANT, GIVE OR PROVIDE PERMISSION OR CONSENT FOR SAID PERSON TO OCCUPY, LIVE IN, RESIDE IN, OR CLAIM RIGHTS OF POSSESSION TO THE ABOVE-STATED TENANCY PREMISES. ANY PAYMENT TENDERED WILL BE CONSIDERED TO BE SOLELY AND EXCLUSIVELY FOR AND ON BEHALF OF AUTHORIZED TENANT(S), AND FOR NO OTHERS.

The reasons for this notice are as follows:

1.  In violation of the written rental agreement you have failed to pay the balance of the security deposit of $2,495. This amount must be paid in the same method and the same manner as specified for the payment of the rent on the attached Notice to Pay Rent or Quit.

This Three Day Notice to Perform Covenant or Quit does not intend to release, waive, discharge or otherwise eliminate claims of the Landlord for any and all assessments, losses, damages, penalties, fines, fees, charges, utilities, or amounts for which the tenant is responsible. Tenant remains responsible for all such items; the Landlord is not waiving any claims whatsoever. Notwithstanding the foregoing, to comply with the demand of this Three Day Notice to Perform Covenant or Quit, the Tenant must pay the amount, if any, identified herein. The Landlord is not waiving or releasing the tenant from other violations of the rental agreement or local, state or federal law, even if the full amount, if any, demanded herein is paid within the three day period as specified herein, nor is the Landlord waiving or releasing the tenant from other violations of the rental agreement or local, state or federal law even if all of the covenants specified herein are fully performed within the three days of this Three Day Notice to Perform Covenant or Quit.

NOTICE IS HEREBY GIVEN pursuant to Code of Civil Procedure Section 1161 that within three calendar days after service of this notice upon you, you must fully perform all of the covenants (promises) of your rental agreement that are presently being breached by you as identified above, or if not so performed, to surrender and deliver possession of the above-described real property to the Owner, Landlord, or Authorized Agent within said three calendar days. Accordingly, demand is hereby made upon you to fully perform the covenants of your rental agreement as identified above for the above-described premises. You are hereby required to perform said covenants within three calendar days after service of this notice upon you; or if not so performed, to surrender and deliver possession of the above-described real property to the Owner, Landlord, or Authorized Agent within said three calendar days.
 Your failure to comply with the foregoing will result in legal proceedings being instituted against you to recover possession of said premises for UNLAWFUL DETAINER. Also, such proceedings could result in a judgment against you for unpaid fair rental value of the premises, costs of suit, necessary disbursements, damages, attorneys fees as well as STATUTORY DAMAGES for such UNLAWFUL DETENTION, and to declare a forfeiture of the Lease or Rental Agreement under which you occupy the above-described tenancy premises. The Landlord elects to and does declare a forfeiture of the Lease or Rental Agreement if the stated covenants are not actually fully performed within three (3) calendar days of service of this notice. If the "3rd day" falls on a weekend or court holiday, then you will have until the end of the next business day within which to fully perform the covenants specified above.

State law permits former tenants to reclaim abandoned personal property left at the former address of the tenant, subject to certain conditions. You may or may not be able to reclaim property without incurring additional costs, depending on the cost of storing the property and the length of time before it is reclaimed. In general, these costs will be lower the sooner you contact your former landlord after being notified that property belonging to you was left behind after you moved out.

DATED: 3/6/2014
_____
Steven Leon Schule / Landlord

NOTICE TO OCCUPANTS: As required by law, you are hereby notified that a negative credit report reflecting on your credit history may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

IF a "Notice to Pay Rent or Quit" is served concurrently herewith you must also pay the rent specified therein; however, timely and full payment of said rent will not negate either the "Notice of Termination of Tenancy" or this "three Day Notice to Perform Covenant or Quit".
 Even if you vacate within the three day period, said vacation does not waive or eliminate your responsibility for the payment of any amounts specified herein, nor waive or eliminate your responsibility for full performance for any or all other premises, covenants, charges, sums, or amounts for which you are responsible pursuant to your rental agreement, if any, or pursuant to occupancy of the premises stated herein. Neither does vacation of the premises within the three day period, waive or discharge your responsibility for cleaning and/or repairs and damages to the premises for which you may be responsible. The issuance of this notice does not waive any of the landlord/owner's rights as allowed by California Civil Code Section 1951.2.

EXHIBIT 4

**Page 16 of 24**

14UD02067

**PENAL CODE SECTION 594 STATES THAT "EVERY PERSON WHO MALICIOUSLY INJURES OR DESTROYS A REAL OR PERSONAL PROPERTY NOT HIS OWN...IS GUILTY OF A MISDEMEANOR."**

PROOF OF SERVICE: This portion is not to be completed by the "Server" until <u>AFTER</u> the service is completed!

CAUTION TO SERVER: Each and every ADULT occupant in possession of the premises (whether named on the rental agreement or not, whether they are in possession with permission of the landlord or not, whether they contracted with the Landlord or not), should be served by at least one of the following methods: (Note that method (2) may be used only if method (1) is unsuccessful; method (3) may be used only if method (1) and (2) were tried, but were unsuccessful).

ON (Date): _____ I, the "Server" served this "Three Day Notice to Perform Covenant(s) or Quit" as follows:

Check one

☐    (1)   **PERSONAL DELIVERY:** I personally handed a copy of this "Three Day Notice to Perform Covenant(s) or Quit" to these ADULT occupants/tenants: _____

☐    (2)   **SUBSTITUTED SERVICE:** I personally handed a copy of this Notice to a person of suitable age & discretion (other than the above-named occupant(s), at the occupant(s) place of residence or employment AND mailed a copy to each ADULT occupant by first class mail, postage prepaid to the tenancy address stated above.

☐    (3)   **POSTING & MAILING:** Inasmuch as none of the occupant(s) have a separate place of employment, nor is it known to me, and no person of suitable age and discretion could be found at the place of employment, if any, or the tenancy address, I affixed a copy of this Notice in a conspicuous place at the tenancy address AND mailed a copy to said tenancy address to each ADULT occupant by first class mail, postage prepaid.

AT THE TIME OF THE SERVICE I WAS AT LEAST 18 YEARS OF AGE. I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT, AND THAT IF CALLED AS A WITNESS I COULD DO SO COMPETENTLY. THIS DECLARATION WAS EXECUTED ON THE BELOW STATED DATE AT (City):_____, CALIFORNIA.

DATED:_____ SIGNATURE OF SERVER _____

14UD02067

| Attorney or Party without Attorney:<br>Gary L. Link, Bar #088968<br>Law Offices of Gary L. Link<br>725 30th Street, Suite 107<br>SACRAMENTO, CA 95816<br>*Telephone No:* 916-447-8101    *FAX No:* 916-447-4750 | *For Court Use Only* |
|---|---|

*Attorney for:* Plaintiff | *Ref. No. or File No.:*<br>1724

*Insert name of Court, and Judicial District and Branch Court:*
Superior Court Of California, County Of Sacramento - Carol Miller Justice Center

*Plaintiff:*
*Defendant:* Matthew Muller

| **PROOF OF SERVICE**<br>**3 CALENDAR DAY NOTICE** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the 3 Calendar Day Notice To Pay Rent Or Quit Possession Of Premises; 3 Day Notice To Perform Covenant(S) Or Quit

3. *a. Party served:*            Matthew Muller

4. *Address where the party was served:*      1724 East Socap Walk
                                           Sacramento, CA 95811

5. *I served the party:*
    d. by other means On: Fri., Mar. 07, 2014 at: 4:05PM By posting a copy for each tenant in a conspicuous place on the property therein described, being no person of age and discretion to be found of said tenant(s) at property where situated, and mailing. party in item 3
      (2) **(Home)** By posting a copy for each tenant in a conspicuous place on the property therein described, being no person of age and discretion to be found of said tenant(s) at property where situated, and mailing.
      (4) I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., 415.20). I mailed the document on: Fri., Mar. 07, 2014 from: SACRAMENTO, CA

7. *Person Who Served Papers:*               Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. Rebekah Leatherman              d. *The Fee for Service was:*    $35.00

                         **Aggressive Legal Services, Inc.**     e. I am: (3) registered California process server
                         4110 Truxel Road, Suite 100               *(i)*   Independent Contractor
                         Sacramento, CA 95834                 *(ii)*   *Registration No.:*     2012-41
                         Phone (877) 925-7462                 *(iii)*   *County:*              Sacramento
                         FAX (916) 455-3200                  *(iv)*   *Expiration Date:*    Sat, Oct. 25, 2014
                         www.alsinc.com

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

    *Date: Mon, Mar. 10, 2014*



EXHIBIT 3

ATTACHMENT 14          **14UD02067**

[THIS IS AN ATTEMPT TO COLLECT A DEBT; ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE]

I

The Defendants not named in Paragraph 6a are alleged on information and belief to be assignees and/or subtenants, or are unknown, yet residing at the premises without Plaintiff's permission or consent.

II

It is alleged that the defendant(s) are willfully, deliberately and obstinately withholding possession of the premises against the Plaintiff's will with knowledge that the tenancy has been terminated legally.

III

Plaintiff remits to the jurisdictional limit, if any, of the court, as well as the jurisdictional limits of monetary damages specified by the Code of Civil Procedure and local court rules.

IV

At all times mentioned, Defendant(s) were acting as agents or employees of the other Defendants and acting within the course and scope of such agency and employment with knowledge of all other Defendant(s) and each of them.

V

There is no local rent control applicable to the County in which this action has been filed.

VI

Pursuant to California Code of Civil Procedure Section 1173, Plaintiff reserves the right to amend the complaint at trial of this matter, if any, to allege the service and expiration of any prior, subsequent and/or additional Notices to Quit that may in the legal opinion of the Plaintiff be necessary and/or appropriate to enforce the legal rights of the Plaintiff.

Service by the Plaintiff or agents of the Plaintiff of any additional and/or subsequent Notices to Quit for existing or subsequent violation(s) of one or more covenants of a rental agreement with Defendant(s) and each of them, or violation of California law, will not and does not constitute an intention on the part of the Plaintiff to waive or otherwise cause to be invalidated the particular notices to quit that are already being used as the basis for this action for Unlawful Detainer.

VII

_____ If this line is checked, it is also alleged that a notice of termination of tenancy was served concurrently with the notice(s) specified at Paragraph 8(a) of the Complaint. Pursuant to Code of Civil Procedure Section 1173 Plaintiff at the time of trial will request leave to amend to include the service and expiration of the notice of termination of tenancy.

VIII

If paragraph 13 of the complaint is checked, there is a written agreement signed by the defendant(s) providing for attorneys fees.

IX

As required by law, you are hereby notified that a negative credit report reflecting on your credit history may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

ATTACHMENT 15                                    ·14UD02067

## ADDITIONAL NOTICES TO DEFENDANT/TENANT

[THIS IS AN ATTEMPT TO COLLECT A DEBT; ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE]

### CONTACT WITH THE LANDLORD OR PROPERTY MANAGER

*You may contact your landlord or your landlord's agent with whom you have been dealing or with whom your landlord has delegated the responsibility of handling your tenancy affairs.* If you choose to contact your landlord or property manager, you should discuss possible resolution of this lawsuit without the necessity of proceeding forward with further litigation. Although you and the landlord or property manager may be negotiating resolution and/or settlement of this matter, you must nevertheless have any and all agreements and understandings reduced to writing and signed by all litigants and their attorneys **prior** to the time that you are required by law to file responsive pleadings with the court. If you have not accomplished formalizing a written agreement **prior** to the time to file a responsive pleading, you are advised that this office will file the appropriate "default" papers on the first available date.

### CONTACT WITH THE LAW OFFICE OF GARY LINK

DO NOT contact this office to discuss this matter with any of our attorneys or staff. Any and all discussions should initially take place with your landlord or property manager. If your landlord wishes, s/he will instruct this office to engage in further settlement negotiations with you. Settlement discussions will not delay the rapid processing of this case.

### NO SUSPENSION OR DELAY IN PROCESSING THE LAWSUIT

*There will be no settlement or resolution of this lawsuit without a written and signed agreement.* Verbal agreements, verbal representations, verbal promises, verbal "anything" will not be and are not enforceable. This is a caution to you so that you are not somehow misled into thinking that by merely discussing this situation with your landlord, property manager, or this office, that the processing of this case will be delayed, suspended, or placed "on hold." This office has been given specific instructions by our landlords and managers not to slow down, delay, or suspend the most rapid processing of this lawsuit unless agreements to the contrary are in writing and signed by all the parties.

### TENDER OR DELIVERY OF MONEY DURING THE PENDING LAWSUIT

Any money subsequently delivered to or received by the landlord, property manager, or this office will NOT be accepted as a waiver of the landlord's right to proceed forward with this eviction. You may, if your landlord is in agreement, choose to pay your landlord for unpaid rent, attorneys fees, and costs of suit to reduce or eliminate the amount of the money judgment that will be entered against you; however, in the absence of a written agreement to the contrary, payment of any sums will NOT prevent the landlord from proceeding forward with this eviction - you will simply be given credit toward any total sums that the court finds to be due and owing. Again, in the absence of a written agreement signed by all the parties, any money delivered will be applied and credited toward any sums due for rent, attorneys fees, and court costs, and you will still be required to vacate the premises.

### VACATION OR ABANDONMENT OF THE UNIT

In month to month tenancies you will be held financially responsible for the daily fair rental value of the premises (usually the contract rent divided by thirty) until such time as you actually vacate possession AND voluntarily transfer physical possession of the keys to the landlord or property manager, or until the Sheriff's Office formally requires you to vacate. If you elect to vacate prior to the Sheriff "lockout" you must *actually transfer physical possession of the keys* to the landlord or property manager · simply mailing the keys, or leaving them on a counter inside the unit will not be sufficient to terminate your financial responsibility.

### REMAINING PERSONAL BELONGINGS

We recommend that you remove all personal belongings when you vacate. Any property left behind is subject to being discarded by the landlord. Consequently, make every effort to have all your belongings removed. Also, do everything you can to have the unit cleaned and free from damages. This will allow as much of your security deposit, if any to be applied to unpaid rent.

State law permits former tenants to reclaim abandoned personal property left at the former address of the tenant, subject to certain conditions. You may not be able to reclaim property without incurring additional costs, depending on the cost of storing the property and the length of time before it is reclaimed. In general, these costs will be lower the sooner you contact your former landlord after being notified that property belonging to you was left behind after you moved out.

**ATTACHMENT 16**

to

Complaint for Unlawful Detainer

14UD02067

THIS NOTICE AND ALL OF THE PLEADINGS AND PAPERWORK ATTACHED HERETO, AND TO BE RECEIVED
BY YOU THROUGHOUT THE COURSE OF THIS LAWSUIT IS AN ATTEMPT TO COLLECT A DEBT
IN THE NAME OF, AS WELL AS FOR AND ON BEHALF OF THE PLAINTIFF;
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

# NOTICE OF DEBT

✓ The attached pleadings and documents reflect a debt being collected in the name of the Plaintiff, as well as for and on behalf of the Plaintiff whose name or identity is set forth on the first page of the Complaint for Unlawful Detainer.

✓ This is not a debt being collected by an assignee of the debt.

✓ This notice does not waive nor relieve you of any tenancy-related duties or responsibilities, or any of your legal responsibilities pursuant to California law.

✓ Nothing contained in this notice or any other documentation attached herewith is intended as legal advice for the Defendant(s) from the Plaintiff or the attorney for the Plaintiff; no attorney-client relationship is established between this law firm and the Defendant(s).

1. The amount and basis of the debt being claimed on behalf of the Plaintiff is set forth on pages one and two of the verified Complaint for Unlawful Detainer that is attached hereto.

2. The name of the creditor to whom the debt is owed is identified on the Summons and Complaint as the *"Plaintiff."*

3. Unless within thirty (30) days of receipt of this notice, regarding monetary amounts claimed to be owed to the Plaintiff, you dispute the validity of the debt specified at item one above, or any portion thereof, the debt will be assumed to be valid by the person or entity generating this form.

   → This does not mean that you have thirty (30) days from the date you were served with the Summons & Complaint within which to file a legally appropriate response to the Summons & Complaint. Pursuant to California law, the Summons with which you were served states as follows:

   *"You have 5 DAYS after this summons is served on you to file a typewritten response at this Court (To calculate the five days, count Saturday and Sunday, but do not count other court holidays). A letter or a phone call will not protect you. Your typewritten response must be in proper legal form if you want the court to hear your case. If you do not file your response on time, you may lose the case, you may be evicted, and your wages, money and property may be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book)."*

4. If you notify this office **in writing** within the thirty (30) day period that the debt, or any portion thereof is disputed, this office will obtain and mail a copy of the verification of the debt to you. For purposes of *"notifying this office in writing,"* the filing of a formal Motion, Answer or Response to the Complaint for Unlawful Detainer does not constitute a "written dispute of the debt." A separate and independent written dispute of the debt must be sent or delivered to the Law Office of Gary Link within the thirty day period. The allegations in the attached Summons and verified Complaint provide you with sufficient information to verify the claims set forth therein. Nevertheless, upon receipt of your separate written dispute within thirty days, we shall mail you an additional and different verification of the debt.

   → This does not mean that the lawsuit attached hereto may not be continued against you, and it does not give you additional time within which to comply with your tenancy responsibilities, your tenancy agreement, California law, or the requirements stated in the Summons.

5. Upon your **written** request within the thirty (30) day period, this firm will provide you with the name and address of the original creditor, if different from the current creditor.

   → This does not mean that the lawsuit attached hereto may not be continued against you, and it does not give you additional time within which to comply with your tenancy responsibilities, your tenancy agreement, California law, or the requirements stated in the Summons.

**ADDITIONAL NOTICE TO DEFENDANTS:**

This advice pertains to your dealings with this Law Office in the collection of a debt. It does not affect your dealing with the court, and in particular it does not change the time at which you must answer the complaint. The Summons is a command from the court, not from this Law Office, and you must follow its instructions even if you dispute the validity or amount of the debt. The advice in this letter also does not affec

**California Residential Lease Agreement**

THIS LEASE AGREEMENT made and entered into this _____ day of
_____, 20 13 , by and between
_____ Steven Leon Schule _____ (hereinafter
referred to as "Landlord" and
_____ Matthew Muller _____ (hereinafter
referred to as "Tenant").

TERM. This Agreement shall commence on _May 11, 2013_____

_____A. _____ _Year long lease 5/11/13 - 5/10/14_
T.____. Such notice to terminate must be provided to Landlord at least 30 days prior to the
desired date of termination of the tenancy. If at any time Landlord desires to terminate the tenancy,
Landlord may do so by providing to Tenant such written notice of intention to terminate at least 30 days
prior to the desired date of termination of the tenancy. Notices to terminate may be given on any calendar
day, irrespective of Commencement Date.

_____B. Lease. This Agreement shall continue as a lease for term. The termination date shall be on (date)
_May 10, 2014_ at 11:59 PM. Upon termination date, Tenant shall be required to vacate the
Premises unless one of the following circumstances occur: (i) Landlord and Tenant formally extend this
Agreement in writing or create and execute a new, written, and signed agreement;

RENT. Under the terms of this Agreement, "Rent" shall consist of all monetary obligations owed to
Landlord by Tenant in accordance with this Agreement. However, the Damage Deposit shall not be
considered Rent. Tenant shall pay to Landlord
_____ DOLLARS ($ 2495 00 )
per month as Rent for the Term of the Agreement. Due date for Rent payment shall be the 1st day of each
calendar month and shall be considered advance payment for that month. If not remitted on the 1st, Rent
shall be considered overdue and delinquent on the 5th day of each calendar month.

Payment shall be made to Landlord under the following name and address:
_Steven Schule_

In the event that any payment by Tenant is returned for insufficient funds ("NSF") or if Tenant stops
payment, Landlord may require in writing that Tenant pay Rent in cash for three months, and that all future
Rent payments shall be remitted by Tenant to Landlord by money order or cashier's check. A late charge
of $25.00 will be charged on all late payments.

DAMAGE DEPOSIT. Upon the execution of this Agreement, Tenant shall deposit with Landlord the sum
of _Four Thousand Nine Hundred Ninety_ DOLLARS ($4990 )
receipt of which is hereby acknowledged by Landlord, as security for any damage caused to the Premises
during the term hereof. Such deposit shall be returned to Tenant, without interest, and less any set off for
damages to the Premises upon the termination of this Agreement.

USE OF PREMISES. The Premises shall be used and occupied by Tenant and Tenant's immediate
family, consisting of _Matthew Muller _____ _____,
exclusively, as a private single family dwelling, and no part of the Premises shall be used at any time
during the term of this Agreement by Tenant for the purpose of carrying on any business, profession, or
trade of any kind, or for any purpose other than as a private single family dwelling. Tenant shall not allow

any other person, other than Tenant's immediate family or transient relatives and friends who are guests of Tenant, to use or occupy the Premises without first obtaining Landlord's written consent to such use.

5 **CONDITION OF PREMISES.** Tenant has examined the Premises, and that they are at the time of this Lease in good order, repair, and in a safe, clean and tenantable condition.

6 **ASSIGNMENT AND SUB-LETTING.** Tenant shall not assign this Agreement, or sub-let or grant any license to use the Premises or any part thereof without the prior written consent of Landlord.

7 **ALTERATIONS AND IMPROVEMENTS.** Tenant shall make no alterations to the buildings or improvements on the Premises or construct any building or make any other improvements on the Premises without the prior written consent of Landlord.

8 **HAZARDOUS MATERIALS.** Tenant shall not keep on the Premises any item of a dangerous, flammable or explosive character that might unreasonably increase the danger of fire or explosion on the Premises or that might be considered hazardous or extra hazardous by any responsible insurance company.

9 **UTILITIES.** Tenant shall be responsible for arranging for and paying for all utility services required on the Premises. SMUD, City of Sacramento, Cable

10 **MAINTENANCE AND REPAIR; RULES.** Tenant will, at its sole expense, keep and maintain the Premises and appurtenances in good and sanitary condition and repair during the term of this Agreement and any renewal thereof. Without limiting the generality of the foregoing, Tenant shall:

(a) Not obstruct the driveways, sidewalks, courts, entry ways, stairs and/or halls,
(b) Keep all windows, glass, window coverings, doors, locks and hardware in good, clean order and repair;
(c) Not hang any laundry, clothing, sheets, etc. from any window, rail, porch or balcony nor air or dry any of same within any yard area or space;
(d) Keep all lavatories, sinks, toilets, and all other water and plumbing apparatus in good order and repair and shall use same only for the purposes for which they were constructed. Any damage to any such apparatus and the cost of clearing stopped plumbing resulting from misuse shall be borne by Tenant;
(e) Tenant's family and guests shall at all times maintain order in the Premises and at all places on the Premises, and shall not make or permit any loud or improper noises, or otherwise disturb other residents;
(f) Keep all radios, television sets, stereos, phonographs, etc., turned down to a level of sound that does not annoy or interfere with other residents;
(h) Deposit all trash, garbage, rubbish or refuse in the locations provided and shall not allow any trash, garbage, rubbish or refuse to be deposited or permitted to stand on the exterior of any building or within the common elements;

11 **INSPECTION OF PREMISES.** Landlord and Landlord's agents shall have the right at all reasonable times during the term of this Agreement and any renewal thereof to enter the Premises for the purpose of inspecting the Premises and all buildings and improvements thereon. And for the purposes of making any repairs, additions or alterations as may be deemed appropriate by Landlord for the preservation of the Premises or the building. Landlord and its agents shall further have the right to exhibit the Premises and to display the usual "for sale", "for rent" or "vacancy" signs on the Premises at any time within forty-five (45) days before the expiration of this Lease.

12 **SURRENDER OF PREMISES.** Upon the expiration of the term hereof, Tenant shall surrender the Premises in as good a state and condition as they were at the commencement of this Agreement, reasonable use and wear and tear thereof and damages by the elements excepted.

13 **PETS.** Unless otherwise provided in California Civil Code § 54.2, Tenant shall keep no animal or pet on or about the Premises without Landlord's prior written consent, with the exception of:
_____ Dog _____

**INDEMNIFICATION.** Landlord shall not be liable for any damage or injury of or to the Tenant, Tenant's family, guests, invitees, agents or employees or to any person entering the Premises or the building of which the Premises are a part or to goods or equipment, or in the structure or equipment of the structure of which the Premises are a part, and Tenant hereby agrees to indemnify, defend and hold Landlord harmless from any and all claims or assertions of every kind and nature.

**DEFAULT.** If Tenant fails to comply with any of the material provisions of this Agreement, other than the covenant to pay rent, or of any present rules and regulations or any that may be hereafter prescribed by Landlord, or materially fails to comply with any duties imposed on Tenant by statute, within three (3) days after delivery of written notice by Landlord specifying the non-compliance and indicating the intention of Landlord to terminate the Lease by reason thereof, Landlord may terminate this Agreement. If Tenant fails to pay rent when due and the default continues for three (3) days thereafter, Landlord may, at Landlord's option, declare the entire balance of rent payable hereunder to be immediately due and payable and may exercise any and all rights and remedies available to Landlord at law or in equity or may immediately terminate this Agreement.

**LATE CHARGE.** In the event that any payment required to be paid by Tenant hereunder is not made within five (5) days of when due, Tenant shall pay to Landlord, in addition to such payment or other charges due hereunder, a "late fee" in the amount of _____N/A_____ DOLLARS ($_____).

**ATTORNEYS' FEES.** Should it become necessary for Landlord to employ an attorney to enforce any of the conditions or covenants hereof, including the collection of rentals or gaining possession of the Premises, Tenant agrees to pay all expenses so incurred, including a reasonable attorneys' fee.

LANDLORD

Sign: _____ Print: _____Steven Schule_____

Date: __4/24/13__

TENANT

Sign: _____ Print: _____Matthew Muller_____

Date: ____4/24/13____

TENANT:

Sign: _____ Print: _____

Date: _____

TENANT:

Sign: _____ Print: _____

Date: _____

TENANT:

Sign: _____ Print: _____

Date: _____